# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ERICK CORCINO,**

                **Plaintiff,**

**-vs-**                                                **Case No. 6:09-cv-1498-Orl-31GJK**

**PLAZA RESORTS, INC.,**

                **Defendant.**

_____

# ORDER

This matter comes before the Court on the Motion for Leave to File Amended Answer (Doc. 20) filed by the Defendant, Plaza Resorts, Inc. ("Plaza"), the response (Doc. 22) filed by the Plaintiff, Erick Corcino ("Corcino"), and the Motion to Enforce Settlement (Doc. 21) filed by Corcino. Plaza seeks to amend it answer so that it can assert the following as its seventh affirmative defense:

> Plaintiff received additional monies or payment, in addition to his regular compensation, which in full or in part must be credited as payment in full, if overtime wages are deemed to be owed.

(Doc. 20-1 at 3). Corcino contends the amendment – which is being sought within the court-imposed deadline for such amendments – would be futile, in that Plaza has failed to assert any facts in support of this affirmative defense. However, while Corcino is correct that Plaza must assert at least some facts in support of its affirmative defenses, the failure to do so does not render this or any other proposed amendment futile. There is nothing in the record to suggest that Plaza cannot cure any deficiency in its pleading. The Court will permit the amendment, and Corcino

may move to strike this or any other affirmative defense that he believes to be insufficiently pled.

Corcino also seeks to have the Court enforce a purported settlement between the parties. He contends that the existence of the settlement is demonstrated by a chain of three emails, which he attaches to his motion. In the first such email, dated Tuesday, February 8, 2010, counsel for the Defendant states that her client "has authorized me to offer [redacted] to settle this matter, inclusive of fees and costs." (Doc. 21-1 at 2). The email continues, "If you accept, we can finalize the settlement agreement." (Doc. 21-1 at 2). Counsel for Corcino responds, the same day, that his client "will reduce his demand to [redacted], inclusive of fees and costs, if we can get this resolved by Wednesday afternoon, and have payment before the end of the month." (Doc. 21-1 at 2). On Wednesday, February 9, counsel for Plaza responded

> Done for [redacted]. Please send me a settlement agreement. Obviously, we will require a dismissal with prejudice of this action, release of all claims, confidentiality and non-disparagement clause and no reinstatement, among other relief.

(Doc. 21-1 at 2). These documents do not constitute a settlement or evidence that a settlement was reached. Although counsel for Defendant appears to have accepted Corcino's offer as to the amount to be paid, she clearly expected the agreement to be reduced to writing and to include a

number of terms that Corcino had not yet accepted. She also did not agree to Corcino's demand for payment by the end of the month.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Leave to File Amended Answer (Doc. 20) is **GRANTED**, and the Defendant is directed to file the proposed amended answer that was attached to the motion. In addition, it is hereby

**ORDERED** that the Motion to Enforce Settlement (Doc. 21) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 11, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party